UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE C. TERRY,

       Plaintiff,                                  Case No.

v.

REAL TALENT, INC.,

       Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michelle C. Terry, ("Plaintiff"), by and through the undersigned attorney, sues the Defendant, Real Talent, Inc., ("Defendant"), and alleges as follows:

1.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e)-(k), as amended by the Civil Rights Act of 1991 ("CRA 1991"), the Florida Civil Rights Act of 1992 ("FCRA") and the Family and Medical Leave Act ("FMLA"). This is an action for discrimination because of pregnancy in violation of Title VII and the Pregnancy Discrimination Act (PDA), as amended, the FCRA and FMLA.

2.      This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. Section 1331. The Court has pendant jurisdiction of Plaintiff's claim under the FCRA.

3.      Plaintiff Terry is a female who resides in Pasco County, Florida. Plaintiff was employed by Defendant from September 2003 until on or about August 18, 2008.

4.      Defendant, Real Talent, Inc., is a Florida Profit Corporation that had the jurisdictional number of employees to be covered by Title VI, the FCRA and the FMLA. Plaintiff was an "employee" as defined by each of the foregoing statutes.

5.      In 2008, Plaintiff became pregnant and informed Curtiss Peabody, the President and owner of Defendant, of her pregnancy.  Plaintiff and Peabody agreed that Plaintiff would be entitled to leave and would take such leave in August of 2008.

6.      On August 5, 2008, Plaintiff commenced her leave.

7.      Plaintiff was never written up or disciplined for any work related performance problems.

8.       Plaintiff's son was born on August 11, 2008.

9.      On or about August 18, 2008, Peabody called Plaintiff and told her that she had to return to work immediately or she would be terminated. Plaintiff told Peabody that she could not return immediately, that she had a c-section and was otherwise on approved leave. Peabody terminated Plaintiff's employment and said that because of the c-section she would be a liability to the company.

10.      At all times material to the allegations of this Complaint, Defendant was an "employer in an industry affecting commerce," within the meaning of the Family and Medical Leave Act of 1993, and had fifty or more employees for each working day during each of twenty or more calendar workweeks in 2007 and 2008.  Plaintiff was employed by the Defendant for at least twelve months and had more than 1,250 hours of service. As a result, Plaintiff was an eligible employee for leave under the FMLA.

11.      On or about October 2, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Pursuant to the Worksharing Agreement between the EEOC and the Florida Commission on Human Relations ("FCHR") Plaintiff's charge was automatically dual-filed with the FCHR. On August 18, 2009, the EEOC issued a Notice of Right to Sue, which entitled Plaintiff to bring suit under Title VI.. A true and correct copy of

Plaintiff's Charge and Right to Sue letter are attached hereto as Exhibit "A". Because more than 180 days have expired since Plaintiff's claim was dual-filed, Plaintiff's claim under the FCRA has been timely brought. Accordingly, all jurisdictional prerequisites to this action have been met and this action has been timely commenced.

## COUNT I -PREGNANCY DISCRIMINATION

12.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 of the Complaint.

13.    In 2008, Defendant's management was informed that Plaintiff was pregnant.

14.    Plaintiff was told that she was entitled to up to 12 weeks leave under Defendant's leave policy.

15.    Because of Plaintiff's pregnancy, she was subjected to disparate treatment in the terms and conditions of her employment including, but not limited to, the termination of her employment.

16.    When Defendant found out that Plaintiff had a c-section, it decided to terminate Plaintiff rather than continue her leave.

17.    On August 18, 2008, Plaintiff was terminated. Thereafter, Plaintiff was replaced by a non-pregnant employee.

18.    As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has suffered various injuries including, but not limited to, loss of past and future wages and loss of various non-salaried benefits.  In addition, as a result of the unlawful employment practices complained of herein, Plaintiff has been deprived of equal employment opportunity, has suffered emotional pain and suffering, inconvenience, mental anguish and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the Defendant, in addition to lost wages and other compensation, in the past and the future, and/or

reinstatement, together with pre-judgment interest, attorney's fees, costs and such other relief as may be appropriate under Title VII, as amended by the C.R.A. of 1991, and the FCRA, Chapter 760 et. seq.

## COUNT II – VIOLATION OF FMLA

19.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above.

20.    This is an action based on the FMLA for interference and retaliation.  The Act entitles an eligible employee to a total of twelve workweeks of leave during any twelve-month period for, among other things, the medical treatment and care of a serious or chronic health condition.

21.    In August 2008, Plaintiff was pregnant which is protected as a health condition as defined by the FMLA.  Defendants' management knew of Plaintiff's condition..

22.    Plaintiff was an eligible employee who was entitled to leave under the FMLA commencing on August 5, 2008.  Plaintiff was employed by the Defendants for more than twelve months and had worked the requisite number of hours.  Defendants had adequate notice from Plaintiff that he was in need of leave.

23.    Defendant determined that Plaintiff was eligible for leave under the FMLA.

24.    Plaintiff relied upon Defendant's determination of her eligibility for leave.

25.    On August 18, 2008, Plaintiff was terminated.

26.    Defendant violated the FMLA by interfering with Plaintiff's rights under the FMLA and terminating Plaintiff, and not permitting her to return to his work, after leave, in the same or comparable position to which was held prior to leave.  Alternatively, Defendant retaliated against Plaintiff by terminating her employment, simply because of the nature of her medical leave.

27.     Defendant's termination of Plaintiff was in willful violation of the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, including but not limited to, back pay, lost benefits such as 401(k) and insurance, front pay, severance, pre-judgment interest, and liquidated damages.  Furthermore, Plaintiff demands that Defendant reinstate her to her previous position, or an equivalent position, or alternatively award front pay and restore all employment benefits previously enjoyed by Plaintiff, award attorney's fees and costs, and other relief as may be appropriate under the Family Medical Leave Act.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT**

RONALD W. FRALEY
FLORIDA BAR NO.: 0747025
2525 Park City Way
Tampa, FL  33609
rfraley@fraleylawfirm.com
(813) 229-8300 Telephone
(813) 871-1495 Facsimile
Attorney for Plaintiff