**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MICHELLE C. TERRY,**

 **Plaintiff,**

v.            Case No.  8:09-cv-1756-T-30TBM

**REAL TALENT, INC.,**

 **Defendant.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Real Talent, Inc.'s Partial Motion to Dismiss (Dkt. 4) and Plaintiff's Response to Defendant's Partial Motion to Dismiss (Dkt. 10).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Defendant's Partial Motion to Dismiss (Dkt. 10) must be denied.

## BACKGROUND

On August 27, 2009, Plaintiff filed this action alleging in Count I that Defendant discriminated against her based upon pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA").  In Count II, Plaintiff claims that Defendant interfered with her leave rights and retaliated against her in violation of the Family and Medical Leave Act ("FMLA").

On September 21, 2009, Defendant filed a Partial Motion to Dismiss.  Specifically, Defendant argues that the FCRA does not expressly prohibit pregnancy discrimination.  On October 22, 2009, Plaintiff filed her Response in Opposition to Defendant's Partial Motion to Dismiss.  Plaintiff argues that Defendant's Motion must be denied based on Carsillo v. City of Lake Worth, 995 So. 2d 1118 (Fla. 4th DCA 2008), which held that the FCRA does prohibit pregnancy discrimination.  As set forth in more detail herein, the Court agrees that Carsillo clarifies Florida law concerning pregnancy discrimination and makes it clear that a plaintiff may bring a claim of pregnancy discrimination under the FCRA.

## DISCUSSION

### I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**II.    Plaintiff's Claim of Pregnancy Discrimination under the FCRA**

Defendant argues that Plaintiff's claim of pregnancy discrimination under the FCRA must be dismissed because Florida law does not recognize a cause of action based on the premise that discrimination against pregnant employees is sex-based discrimination. Defendant relies upon O'Loughlin v. Pinchback, 579 So. 2d 788 (Fla. 1st DCA 1991) and cases interpreting same for this proposition, including Boone v. Total Renal Laboratories, Inc., 565 F. Supp. 2d 1323 (M.D. Fla. 2008)[1]. Importantly, on December 3, 2008, Carsillo was decided, which definitely states:

> We conclude that, because the Florida statute is patterned after the Federal Civil Rights Act, which considers pregnancy discrimination to be sex discrimination, the Florida Act bars such discrimination.

995 So. 2d at 1119. Carsillo was decided after the cases Defendant relies upon and specifically discusses O'Loughlin and the cases that were decided after O'Loughlin, including Boone. Notably, the court in Carsillo pointed out that O'Loughlin can be

---

[1] Boone was decided on June 18, 2008.

interpreted to hold that the FCRA does prohibit pregnancy discrimination, but that cases like Boone interpreted O'Loughlin "as not allowing relief under the Florida Act for discrimination based on pregnancy, because the Florida Act was not amended" to include such a claim.[2]  995 So. 2d at 1120.  The court in Carsillo concluded that it could not agree with those courts' reading of O'Loughlin:

> We conclude that the fact that Congress made clear in 1978 that its intent in the original enactment of Title VII in 1964 was to prohibit discrimination based on pregnancy as sex discrimination, it was unnecessary for Florida to amend its law to prohibit pregnancy discrimination.

Plaintiff argues that Carsillo is a more clearly articulated opinion than O'Loughlin, which is ambiguous regarding whether the FCRA includes pregnancy discrimination.  The Court agrees.  Carsillo clarifies the ambiguity in O'Loughlin and makes it clear that the FCRA, which is patterned after Title VII, covers an act of discrimination based on pregnancy.

It is therefore ORDERED AND ADJUDGED that Defendant's Partial Motion to Dismiss (Dkt. 4) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1756.mtd.frm

---

[2] As discussed in detail in Boone, O'Loughlin has been interpreted by federal district courts as standing for opposite propositions regarding whether a plaintiff can maintain a pregnancy discrimination claim under the FCRA.