UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE C. TERRY,**

    **Plaintiff,**

v.                                                    Case No.  8:09-cv-1756-T-30TBM

**REAL TALENT, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration (Dkt. 40) of the Court's Order denying Defendant's Motion for Summary Judgment (Dkt. 39).  The Court, having considered the motion, and being otherwise advised in the premises, concludes that it should be denied.

Defendant moves for reconsideration because it is of the opinion that the purported "undisputed" facts that Plaintiff was "terminated" and rehired by Peabody on August 6, while she was on leave, but before the ultimate termination at issue here, and that Peabody treated similarly situated male employees the same, i.e., they were terminated for poor performance, somehow render it impossible for a jury to conclude that Defendant interfered with Plaintiff's FMLA rights and discriminated and retaliated against Plaintiff when it subsequently terminated her while she was on leave.  Specifically, Defendant argues that, even if the record reflects evidence of pretext, there is no evidence that the real reason for Plaintiff's termination was pregnancy and/or FMLA discrimination or retaliation.

The Court disagrees with Defendant's version of the "undisputed" facts and conclusion that these facts must result in a judgment, as a matter of law, in favor of Defendant. Although the Court sees no reason to reiterate its holding that material disputed facts prevent the entry of summary judgment in Defendant's favor (*See* Dkt. 39), the Court does want to highlight the point that the issues discussed in Defendant's motion for reconsideration are not dispositive, and are just additional facts to be considered by the jury in its overall decision of who it finds more credible, Plaintiff or Defendant. Defendant argues that Plaintiff's assertion that Peabody's "liability" comment related to her pregnancy "defies logic" because he previously rehired her while she was pregnant and on FMLA leave.[1] Whether Plaintiff's interpretation of the comment "defies logic," however, is for the jury to decide when it weighs the evidence. It is certainly not a finding the Court can make, given the evidence in the record that Peabody was referring to Plaintiff's C-section and pregnancy when he made the comment, gave multiple conflicting reasons for Plaintiff's termination, and was aware that Defendant's finances were in disarray. The jury could conclude that, between August 6 and Plaintiff's ultimate termination, Peabody decided that Plaintiff's FMLA leave and pregnancy were a liability to Defendant and terminated her as a result. Again, however, these are findings that the Court cannot make.

---

[1] Interestingly, Defendant does not devote much attention to this purportedly crucial fact in its motion for summary judgment and the jury *could* interpret the August 6 "termination" as nothing more than a family squabble between Plaintiff and Peabody brought upon by Plaintiff purportedly siding with her husband in a dispute between Peabody and Plaintiff's husband, who was also an employee of Defendant.

Simply put, the Rule 56 standard requires the Court to interpret the facts in a light most favorable to Plaintiff, the non-movant. And the events on August 6 and evidence that two males had been terminated for performance reasons, do not change the fact that the jury *could* conclude that Peabody gave conflicting reasons for Plaintiff's subsequent termination, knew that Plaintiff's finances were not in order and told Plaintiff not to worry about the finances (which invalidates his final version of the reason for Plaintiff's termination), and that these conflicts were really pretext. In light of Peabody's "liability" comment, the jury *could* also conclude that the true reason for Plaintiff's termination was her pregnancy and the fact that she was on FMLA leave.[2]

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Reconsideration (Dkt. 40) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1756.mtreconsiderationDKT40.wpd

---

[2] These are just examples of the facts the jury could consider and are not intended to include a complete list of the material facts contained in the summary judgment record.